IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GOWRAN, | : Civ. No. 3:24-CV-674 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| PITTSTON AREA SCHOOL DISTRICT, | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Introduction

This case is before us on a motion to dismiss filed by the defendant, the Pittston Area School District ("Pittston Area"). (Doc. 4). The *pro se* plaintiff, John Gowran, filed this action alleging that Pittston Area discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). (Doc. 1). Pittston Area has moved to dismiss the case against it for failure to state a claim. (Doc. 4). For the following reasons, the motion will be granted.

II. Background

Gowran alleges that Pittston Area discriminated against him because of his age in relation to his role as a substitute teacher for the

school district. (Doc. 1). Liberally construed, the complaint arises under the ADEA and appears to revolve around the renewal of Gowran's emergency teaching certification. (*See generally* Doc. 1-2). Gowran exchanged emails, text messages, and a letter with Pittston Area administrators in an apparent attempt to process paperwork related to his returning to substitute work in 2021. (*Id.*).

At some point, Gowran filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-2 at 3). That complaint resulted in a Determination and Notice of Rights letter that included notice of Gowran's right to sue. (*Id.*). On April 18, 2024, Gowran filed the instant complaint in the Middle District of Pennsylvania. (Doc. 1). Under "statement of claim" Gowran wrote only "Age Discrim[i]nation." (*Id.*). No other fact is alleged in the complaint.

Pittston Area has now moved to dismiss the complaint, arguing that Gowran's complaint fails to state a claim upon which relief can be granted. (Doc. 4). For the following reasons, we will grant the motion, and the complaint will be dismissed.

III. Discussion

A. Motion to Dismiss – Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are

based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

B. <u>The Defendant's Motion to Dismiss will be Granted.</u>

As we have noted, the plaintiff's claims appear to arise under the ADEA. The ADEA prohibits employers from discriminating against employees based on their age. 29 U.S.C. § 623(a)(1). ADEA claims follow the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Thus, to state a prima facie case of age discrimination, a plaintiff must show (1) that he is 40 years of age or older; (2) that he suffered an adverse employment action; (3) that he was qualified for her position; and (4) that he was replaced by a sufficiently younger individual giving rise to an inference of discrimination. *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir.

2009). An adverse employment action is one that causes a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). Further, age must be the "but for" cause of the adverse employment action. *Hazen Paper Co. v. Biggens*, 507 U.S. 604, 610 (1993).

Here, the complaint itself alleges no facts to support the plaintiff's ADEA claim. (Doc. 1). The exhibits attached to the complaint are fractured pieces of correspondence, and all we can ordain from them is that Gowran was in communication with Pittston Area administrators about the possibility of teaching again, the process of certifying him to teach, and, eventually, his intent to file a complaint with the EEOC. (*See generally*, Doc 1-2). However, Gowran has attached his EEOC complaint to his brief. (Doc. 12 at 9-10). While we generally are only permitted to consider the complaint and its attached exhibits when deciding a motion to dismiss, *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010), the EEOC complaint is a matter of public record, and so we may consider it here. *See Rogan v. Giant Eagle, Inc.,* 113 F.Supp.2d 777, 782 (W.D. Pa.

2000) *aff'd*, 276 F.3d 579 (3d Cir. 2001) (holding that an EEOC complaint is a matter of public record for the purposes of a motion to dismiss).

Within the EEOC complaint, Gowran states he was born in 1943, meeting the first element. (Doc. 12 at 9). He establishes he has worked for Pittston Area in the past as a substitute, which is sufficient to meet the third element, at least for purposes of surviving the motion to dismiss. (*Id.*). As to the second element, an adverse action: the narrative section of the EEOC complaint reveals that Gowran's certification was eventually renewed, but that he was never scheduled to substitute for Pittston Area. (*Id.*). Schedule changes have sometimes been held to be adverse employment actions. *See e.g., Wesley v. Palace Rehabilitation & Care Center, L.L.C.*, F.Supp.3d 221 (D.N.J. 2014) ("Even a mere schedule change . . . can qualify as an adverse employment action.") Here, even if we conclude that Gowran properly alleges an adverse employment action, as discussed below, that would not save his claim from dismissal, as he has failed to allege any facts from which we can draw even an inference of age discrimination.

To satisfy this fourth element, Gowran must plead facts showing similarly situated employees outside his protected class were treated

7

more favorably than he was. *Collins* 247 F. Supp. 3d 589. A person is similarly situated if they are "nearly identical," or at least "similar in all relevant aspects" to the plaintiff. *Id.* Neither the complaint nor the EEOC charge even discusses another employee, much less establishes them as similarly situated or as treated more favorably. This is fatal to Gowran's claim.

Accordingly, because we find that Gowran's complaint fails to state a claim, we will grant Pittston Area's motion to dismiss. However, while we have concluded that Gowran's complaint does not state a claim at this time, recognizing that Gowran is a *pro se* litigant, we will allow him an opportunity to amend his complaint to endeavor to state a claim upon which relief may be granted. *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss (Doc. 4) will be GRANTED.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: October 31, 2024